IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00140-BNB

WOODIE MACK ASHFIELD,

    Applicant,

v.

JEFFERY E. THOMAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

Applicant, Woodie Mack Ashfield, currently is incarcerated at the United States Bureau of Prisons' facility in Sheridan, Oregon. On January 19, 2012, Mr. Ashfield, acting *pro se*, submitted to the Court an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Court must construe the Application liberally because Mr. Ashfield is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the instant action.

Upon review of *Ashfield v. Pugh*, No. 03-cv-01057-ZLW (D. Colo. Aug. 1, 2003), *aff'd*, No. 03-1427 (10th Cir. Jan. 21, 2004), the Court finds Mr. Ashfield filed a prior § 2254 action that challenged the same state criminal conviction as this action and that was dismissed as time-barred under 28 U.S.C. § 2244(d). A dismissal of a § 2254

action as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive. *See Johnson v. Workman*, 446 F. App'x 92, n.1 (10th Cir. 2011) (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The Rules of finality, both statutory and judge made, treat a dismissal on statue-of-limitations grounds . . . as a judgment on the merits."); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (holding that "a dismissal on limitations grounds is a judgment on the merits"). Therefore, the instant § 2254 action is a second or successive motion and will be dismissed for the following reasons.

Pursuant to 28 U.S.C. § 2244(b)(3), Mr. Ashfield must obtain an order from the United States Court of Appeals for the Tenth Circuit authorizing this Court to consider a second or successive § 2254 action. In the absence of such authorization, this Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 action. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The Court must either dismiss the § 2254 action for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *Id.* at 1252. The factors for considering whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

The claims in the instant action, like the claims Mr. Ashfield asserted in his previous § 2254 action, are time-barred under 28 U.S.C. § 2244(d). Even if the claims were found to have merit, Mr. Ashfield fails to demonstrate that the claims are based on

either newly discovered evidence, a new rule of constitutional law, or were untimely due to a state caused impediment. *See* § 2244(d). Also, it was clear when this action was filed that the Court lacked jurisdiction. A transfer of this action to the Tenth Circuit is not in the interest of justice. The Application, therefore, will be denied for lack of jurisdiction.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Ashfield files a notice of appeal he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied for lack of jurisdiction, and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Ashfield has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  8th  day of    March    , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court